(119 So. 399)

No. 28983.

### Succession of SIVERD.

Nov. 26, 1928.   Rehearing Denied Jan. 2, 1929.

Weiss, Yarrut & Stich, of New Orleans, for appellant.

Daniel A. McGovern, Jr., of New Orleans, for appellee Siverd.

BRUNOT, J.   The record shows that James Joseph Varlie was married to Alice Siverd December 25, 1917, and that there was no issue of this marriage; that Mrs. Alice Siverd Varlie died in Birmingham, Ala., February 18, 1920, intestate; that no debts were due by the succession; that James Josephus Varlie is entitled to be recognized as the surviving spouse in community; and that prior to his marriage to Alice Siverd he purchased the real estate in the city of New Orleans described as follows:

"Five certain lots of ground, etc., situated in the Third District of the City of New Orleans, being two lots in Square No. 13, and three lots in Square No. 25, which squares are bounded, respectively, by Gentilly Boulevard, Baccich, Lombard and Lafaye Streets and by St. Roch Avenue, Music, Lombard and Carnot Streets, being designated as lots Nos. 30 and 31 in Square No. 13, adjoining each other, and measuring each 25 feet front on Baccich Street, by a depth of equal and parallel lines; and lots Nos. 37, 38 and 39, in Square No. 25, which adjoin each other, and measure each 25 feet front on St. Roch Avenue, by a depth between equal and parallel lines of 128.37 feet, all located in the sub-division known as Gentilly Terrace."

The record shows that these lots were purchased under bond for $2,900; that prior to his marriage to Alice Siverd, James Josephus Varlie had paid $2,500 of the purchase price of the lots, leaving a balance of the purchase price due thereon of $400, which was paid after the marriage, and during the existence of the community deed to the property was given.   When Mrs. Alice Siverd Varlie died, her mother, Mrs. Clara Pion, widow of George Siverd, deceased, as co-owner of her daughter's estate, gave Mrs. Florine Siverd Julier a power of attorney to act for her in the settlement of her deceased daughter's estate in Birmingham, Ala.   On the 13th of May, 1920, the said agent of Mrs. Clara Pion executed the following instrument:

"State of Alabama, Jefferson County. Know all men by these presents: That I, Mrs. Clara Pion, widow of George Siverd, of New Orleans, State of Louisiana, acting by her authorized agent and attorney in fact,

Mrs. Florine Siverd, widow of Charles Julier, authorized under a power of attorney duly executed and delivered under date of April 29th, 1920, do hereby acknowledge delivery to me, by James Josephus Varlie, of Birmingham, Alabama, all of the personal property and estate of every kind and description wherever situated, inherited or due and payable and receivable by me from my deceased daughter, Alice Siverd, formerly wife of the said James Josephus Varlie who died in the city of Birmingham, Alabama, on February 18th, 1920.

"And I do release, acquit and discharge the said James Josephus Varlie from all further claim, liability or demand upon my part by reason of the estate of my deceased daughter."

█ This document was properly witnessed and signed, and plaintiff contends that it operates as a transfer of all interest Mrs. Pion had in the said five lots of ground. The learned district judge held otherwise, and his reasons for so doing are, in our opinion, sound. He found that the husband paid nothing in connection with the transaction and that the document was merely a receipt for personal property. The judge fixes the interest of Mrs. Pion in the real property and says:

"The real estate in question, having been acquired by Varlie after his marriage to his deceased wife, fell into the community, and on the death of the wife, intestate, her half interest was inherited by her mother and her husband in equal shares, so that the husband became the owner of three fourths and the mother the owner of one fourth of the whole. The result was, not to raise the claim in favor of the mother against the husband with respect to the real estate but to vest in her a title to it in indivision with him."

The judgment recognizes Mrs. Clara Pion and George Joseph Varlie as the sole heirs of the deceased and entitled to the ownership of

the community estate in the proportion of one-half thereof to each, or three-fourths of the whole to George Siverd and one-fourth to Mrs. Pion, and charges the community with $3,094.34 for the reimbursement of the separate funds of George Siverd, expended in the purchase of the five lots which fell into the community, and for taxes paid by George Siverd thereon.

We think the judgment is correct, and it is therefore decreed that the judgment appealed from be, and it is hereby, affirmed at appellant's cost.